### MACK MERONEY v. THE STATE.

No. 3588.    Decided February 14, 1906.

**Pursuing Occupation Without License—Occupation Tax.**

The statute of this State requires that after the tax is paid for pursuing the occupation of liquor dealer, the license must be posted in a conspicuous place in the house; and a defense of the accused that he believed other parties had paid his tax, when he had no license, was untenable.

Appeal from the County Court of Dallas. Tried below before Hon. Hiram S. Lively.

Appeal from a conviction of pursuing occupation without license; penalty, a fine of $450.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This conviction was for violating the occupation tax law, in not procuring license to pursue the occupation of a retail liquor dealer, the punishment being fixed at a fine of $450, the amount of the State and county tax. The facts shows conclusively that appellant was pursuing the occupation of selling spirituous, vinous and malt liquors, without a license, at the time of the alleged offense, as charged in the indictment. It is further shown that he had not paid his liquor-license-tax as required by law. Appellant's defense was that he believed other parties had paid his tax, and secured a license for him to pursue this occupation. The court in his charge submitted the issue of mistake of fact to the jury. However, we do not believe this defense could be urged here: but at all events, appellant secured the benefit of it. The fact that he made arrangements with a wholesale liquor dealer to pay his tax, which had not been paid, would not absolve appellant from a prosecution, if he pursued said occupation without paying said tax. The statutes of this State require that after the tax is paid, the license must be posted in a conspicuous place in. the house. The statute authorizing prosecutions for failing to pay the tax, authorized appellant to have the prosecution dismissed upon the payment of the tax. None of these facts appear in this record. No error appearing, the judgment is affirmed.

*Affirmed.*